## SULLIVAN.

### DANA *v.* COLBY.

Against a purchaser, land is holden for its resident tax for one year from the first day of June following the assessment.

The purchaser, compelled to pay the tax to prevent the collector's enforcement of the lien, can maintain assumpsit for money paid, against his grantor, to whom the land was rightly taxed, although the conveyance was an ordinary quitclaim deed.

ASSUMPSIT, for money paid. April 14, 1882, the defendant, by an ordinary quitclaim deed, conveyed land in Sunapee to one

Brown, who the next day, by a similar deed, conveyed the land to the plaintiff. The land was taxed, as of April 1, 1882, to the defendant, and the plaintiff paid the tax to prevent the collector's enforcement of the tax lien by sale.

*A. S. Wait*, for the plaintiff. The tax was a personal tax against the defendant, for which any estate of his was liable to be taken, and for want of estate, real or personal, his body might have been arrested. The payment of this tax was a personal obligation of the defendant's, and for its collection a suit at law would have lain against him, under *c*. 28, Laws of 1881. It was not a mere liability of the land, but a personal liability of the defendant, for which there was in addition a lien upon the land. The case finds that " The taxes were duly and legally assessed against the defendant." It was of course assessed according to *c*. 54, *s*. 1, Gen. Laws, and was collectible according to *ss*. 4 and 8, *c*. 58, Gen. Laws. Had the defendant paid this tax voluntarily, no one would claim that he did not pay it in his own right. Had he been compelled by distraint of his property, the arrest of his person, or by a suit upon the statute, to pay it, he would have had no claim upon the plaintiff or any one else for reimbursement, and this for the simple reason that it was his to pay. But there being a lien upon the land, the collector chose to resort to that rather than to other modes of collection, and to save her land the plaintiff paid the amount. In such a case the action for money paid may be maintained. *Exall* v. *Partridge*, 8 T. R. 308; *Wells* v. *Porter*, 7 Wend. 119; *Gleason* v. *Dyke*, 22 Pick. 390, 393, 394; *Hunt* v. *Amidon*, 4 Hill 345; *Bailey* v. *Bussing*, 28 Conn. 455; *Ticonic Bank* v. *Smiley*, 27 Me. 225; *Graham* v. *Dunnigan*, 6 Duer 629.

The plaintiff, having advanced the money for this tax, has a right to be subrogated to the town, and to make use of it or of the proper officer of the town in whose name to bring a suit for this tax for her own benefit, under *c*. 28, Laws of 1881. But however this may be, she has been compelled to pay money which the defendant was bound to pay, and has a right to maintain an action in her own name on an implied promise by the defendant to repay her the amount.

The case is within the covenants of the defendant against " claims and demands of any persons claiming by, from, or under " him. In such a case assumpsit for money paid will lie, and the plaintiff need not resort to an action directly upon the covenant. *Hunt* v. *Amidon, supra*. But whether within this covenant or not, the money was paid by the plaintiff by compulsion which belonged to the defendant to pay, and it is equitable and just that she should recover it of him.

*L. W. Barton*, for the defendant. The assessment of the tax upon the premises was not an incumbrance made by the defendant.

He undertook to warrant and defend the premises against the lawful claims of any persons claiming by, from, or under him, and against no other claim.  He conveyed his right merely, leaving the plaintiff to judge for herself what title, if any, the grantor had in them.  *Loomis* v. *Bedel*, 11 N. H. 86.  His covenant refers to the extent of the grant, and is qualified and limited by it, and is to be so construed as to effectuate that intention.  *Allen* v. *Holton*, 20 Pick. 464.  The covenant in a quitclaim deed is of a special and qualified nature.  A covenant of warranty against the grantor and his heirs, and all claiming under him or them, is not broken by the entry and occupation of the state.  *Dobbins* v. *Brown*, 12 Penn. St. 75; 2 Hill. Real Prop. 398, 399, 400, *note ; Browning* v. *Wright*, 2 B. & P. 13.  In conveyance by quitclaim the effective words are release, remise, and quitclaim, and correspond with the release at common law.  2 Hill. Real Prop. 318, *note.*  If the grantee had desired to hold the defendant liable for the payment of the tax, it should have been so stated in the conveyance.

DOE, C. J.  For the payment of the tax, the land was holden against the plaintiff for one year from the first day of June, 1882. G. L., *c.* 58, *s.* 13; *Gove* v. *Newton*, 58 N. H. 359, 361.  The tax lien was an encumbrance from the date of the assessment (Tied. R. P., *s.* 853) in favor of the public claiming by, from, or under the defendant.  If the plaintiff had allowed the lien to be enforced by collector's sale, the purchaser's title would have been derived from the defendant.  The tax was a part of the defendant's share of public expense.  It was a debt due from him to the public *(Edes* v. *Boardman*, 58 N. H. 580, 585), and it could have been collected of him by suit brought by the town.  Laws 1881, *c.* 28; Cool. Tax. 300; *Weber* v. *Reinhard*, 73 Pa. 370.  It was a debt secured by a statutory attachment, without the suit and service of process necessary in other cases.  The plaintiff was compelled to pay the defendant's debt in order to remove an encumbrance against which the land was warranted by the defendant's quitclaim.

*Judgment for the plaintiff.*

STANLEY, J., did not sit: the others concurred.